Jason M. Drangel (JD 7204)
Robert L. Epstein (RE 8941)
William C. Wright (WW 2213)
EPSTEIN DRANGEL BAZERMAN & JAMES, LLP
60 East 42nd Street, Suite 820
New York, NY 10165
Tel.: (212) 292-5390
Fax: (212) 292-5391

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

INFINITE MACHINES, LLC

   Plaintiff,

  v.

RADICA ENTERPRISES, LTD. d/b/a RADICA USA LTD. and RADICA GAMES LIMITED
   Defendants.

Civ. No. 07-8625
Judge Alvin Hellerstein

---

## BRIEF OF PLAINTIFF, INFINITE MACHINES, LLP, IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)

## TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT ........................................................................................ 1
A.   DEFENDANTS FAIL TO CARRY THEIR BURDEN TO ESTABLISH
THAT VENUE SHOULD BE TRANSFERRED TO TEXAS. .............................................. 4
    1.   Standard For Motion To Transfer .................................................................. 4
    2.   Burden of Proof .............................................................................................. 4
    3.   Criteria for Transfer ........................................................................................ 4
        (a)   Weight Must Be Given To Plaintiff's Choice Of Forum. ................... 6
        (b)   The Locus of the Operative Facts ....................................................... 6
        (c)   Convenience of the Witnesses. ........................................................... 8
        (d)   Location of Documents ....................................................................... 9
        (e)   Convenience of Parties ..................................................................... 10
        (f)   The Availability of Process to Compel Attendance of Unwilling
            Witnesses ........................................................................................... 11
        (g)   The Relative Means of the Parties .................................................... 11
        (h)   A Forum's Familiarity with the Governing Law .............................. 12
        (i)   Trial Efficiency and the Interests of Justice, Based on the Totality
            of the Circumstances ......................................................................... 12
II.   CONCLUSION ............................................................................................................. 13

# TABLES OF AUTHORITIES

**Cases**

*A. Eagle Outfitters, Inc. v. Tala Bros. Corp.*, 457 F. Supp. 2d 474 (S.D.N.Y. 2006) .................... 5

*Arch Specialty Ins. Co. Entertainment Specialty Serv. Inc.*, 2005 U.S. Dist Lexis 4746 (S.D.N.Y. 2005) .................... 5

*Astor Holdings, Inc. v. Roski*, 2002 U.S. Dist. LEXIS 758 (S.D.N.Y. 2002) .................... 10

*Citigroup, Inc. v. Citi Holding Co.*, 97 F. Supp. 2d 549 (S.D.N.Y. 2000) .................... 5

*Cuccioli v. Jekyll & Hyde*, 150 F. Supp. 2d 566 (S.D.N.Y. 2001) .................... 12

*Foot Locker Retail, Inc. v. SBH, Inc.*, 2005 U.S. Dist. LEXIS 599 (S.D.N.Y. 2005) .................... 8, 11

*Herbert Ltd. Partnership v. Electronic Arts, Inc.*, 325 F. Supp. 2d 282 (S.D.N.Y. 2004) .................... 4, 6

*In re Nematron Corp. Secs. Litig.*, 30 F. Supp. 2d. 397 (S.D.N.Y. 1998) .................... 4, 6

*Intel Corp. v. Broadcom Corp.*, 167 F. Supp. 2d 697 (D. Del. 2001) .................... 11

*Lesser v. Camp Wildwood*, 2002 U.S. Dist. LEXIS 14025 (S.D.N.Y. 2002) .................... 12

*O'Brien v. Goldstar Tech., Inc.*, 812 F. Supp, 383 (W.D.N.Y. 1993) .................... 8

*Orb Factory, Ltd. v. Design Science Toys, Ltd.*, 6 F. Supp. 2d 203 (S.D.N.Y. 1998) .................... 5, 6

*Posven C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391 (S.D.N.Y. 2004) .................... 12

*Rabbi Jacob Joseph School v. Province of Mendoza*, 342 F. Supp. 2d 124 (E.D.N.Y. 2004) .................... 13

*Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49 (S.D.N.Y. 2001) .................... 4

*Royal Ins. Co. v. Tower Records, Inc. et al*, 2002 U.S. Dist. LEXIS 20109 (S.D.N.Y. 2002) .................... 9

*Schnabel v. Ramsey Quantitative Systems, Inc.*, 322 F. Supp. 2d 505 (S.D.N.Y. 2004) .................... 7

*Van Duesen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805 11 L.Ed. 2d 945 (1964) .................... 4

*Williams v. City of New York*, 2006 U.S. Dist LEXIS 6470 (S.D.N.Y. 2006) .................... 12

## I. PRELIMINARY STATEMENT

Plaintiff, Infinite Machines, LLC ("Infinite" or "Plaintiff"), submits this brief in opposition to the motion by defendants, Radica Enterprises Ltd. and Radica Games Ltd. ("Radica" or "Defendants"), pursuant to 28 U.S.C. § 1404(a) to transfer this action from New York to the Northern District of Texas.

Defendants fail to meet their burden. This action arises out of a breach of confidentiality, misappropriation and unfair competition that occurred over a four (4) month period. There are a number of locations that play a role in this matter: New York, California, China, Texas, Nevada, Bermuda, British Virgin Islands. In many of these locations there are documents that pertain to and individuals who played a role in bringing U.B. Funkeys (the product at issue) to market.

Defendants would like the Court to believe that they have very little contact with New York. This is simply not true. Radica Enterprises Ltd. is registered to do business in New York. *Declaration of William C. Wright, ¶ 4, Ex. 1 ("Wright Dec.")* Radica has at least one employee in New York. *Declaration of Kevin Brase, ¶ 10 ("Brace Dec.")* Defendants maintained a large showroom in New York for at least five (5) years, and as recently as 2006. *Declaration of John Boucard, ¶ 8 ("Boucard Dec.")*

Defendants are a wholly-owned subsidiary of Mattel, the biggest toy company in the World, and the distributor of U.B. Funkeys, the product in question. *See, Defendants Rule 7.1 Disclosures; Boucard Dec., ¶¶ 6 - 7* Mattel has a significant office in New York. *Boucard Dec., ¶ 6*

New York is the center of the toy business. *Boucard Dec., ¶ 10* Both Plaintiff and Defendants come to New York for business a number of times each year. *Boucard Dec., ¶¶ 10-13* Both Plaintiff and Defendants attend the Toy Shows in New York twice a year. *Boucard*

*Dec.*, ¶ *9* It was at Toy Fair in February, 2007, that Defendants first disclosed U.B. Funkeys to the public. *Boucard Dec.*, ¶ *16* It was at the New York Toy Fair in October, 2005, where "several" employees of Defendants first reviewed the disclosures by Plaintiff in a meeting that lasted over two hours. *Boucard Dec.*, ¶ *13*; *Declaration of Chris Wilson Dec.*, ¶ *8* ("*Wilson Dec.*") Defendants indicated that only a single meeting took place between the parties in New York. *Wilson Dec.*, ¶ *8* What Defendants fail to mention is that, other than a face to face meeting with the former president of Radica at Radica's former office in California, the only other face to face meeting between the parties was the meeting in October, 2005 in New York, which lasted for over two (2) hours. *Boucard Dec.*, ¶ *14* Plaintiff never discussed U.B. Funkeys in person at Radica's office in Texas. *Boucard Dec.*, ¶ *20*

After Defendants walked away from entering a license agreement with Plaintiff, they retained a New York software development company to complete the job Plaintiff had already begun. *Boucard Dec.*, ¶ *18*; *Brase Dec.*, ¶ *7*

U.B. Funkeys was nominated for Toy of the Year at the 2008 New York Toy Fair in February. U.B. Funkeys is actively marketed and sold in New York in nearly all the best mass retail locations that carry toys. *Boucard Dec.*, ¶ *19*

Defendants would also like the Court to believe that it would be inconvenient for the parties and witnesses if the action were to proceed anywhere but in the state of Texas. This is not so. Radica Games Ltd. is located and incorporated in Bermuda. *Answer to Complaint*, ¶ *5* ("*Answer*") Radica Enterprises Ltd. is located in Addison, Texas and incorporated in Nevada. *Answer*, ¶ *4* Defendants also, at least at the time of dealings with Plaintiff, had an office in California, where Plaintiff met with Defendants' former president, who lives in California. *Boucard Dec.*, ¶ *14* Radica has a development group located in China – a group that Defendants

allege worked on U.B. Funkeys. *Brase Dec.*, ¶ 4

This matter is not document or witness intensive. There will likely be less than ten (10) depositions in total, most of which will be of employees or former employees of parties to this action. The only non-party witness who is not a former employee of Defendants, is the New York design company retained by Plaintiff after Defendants discontinued negotiations with Plaintiff. Documents and testimony obtained from the New York design company will be important to support Plaintiff's claims. *Boucard Dec.*, ¶ 18

A majority of Plaintiff's relevant documents have already been turned over to Defendants in informal discovery and the rest are in Plaintiff's counsel's New York office. Much of the documentation in this matter will be in the form of e-mail and e-mail attachments. The parties exchanged agreements and draft agreements, power point presentations, and confidential disclosures by e-mail. *Boucard Dec.*, ¶ 17

While Defendants indicate that the communications occurred between Texas and California, it is not clear, nor is it particularly relevant, where the parties may have been when they received the correspondence, given the nature of e-mail communications these days. *Boucard Dec.*, ¶ 5; *Wilson Dec.*, ¶ 7 Many telephone communications also took place between the parties. But again, where the parties were located when they made or received a telephone call is not clear, and is hardly important. *Boucard Dec.*, ¶ 5

Executives from both Plaintiff and Defendants travel in their line of work. *Boucard Dec.*, ¶ 4 Plaintiff is a one man operation, compared with Defendant's 60 man operation, backed by Mattel's 25,000 employees. *Boucard Dec.*, ¶¶ 4, 6

Plaintiff's first choice for this matter is New York. Plaintiff would have never filed in Texas.

## II. LEGAL ARGUMENT

A. **DEFENDANTS FAIL TO CARRY THEIR BURDEN TO ESTABLISH THAT VENUE SHOULD BE TRANSFERRED TO TEXAS.**

1. **STANDARD FOR MOTION TO TRANSFER**

This motion is brought pursuant to 28 U.S.C. § 1404(a), which provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The purpose of transfer under § 1404(a) is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense...." *Van Duesen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed. 2d 945 (1964) (internal quotations and citations omitted).

2. **BURDEN OF PROOF**

The party seeking transfer has the burden to establish by clear and convincing evidence that the alternative forum sought is more appropriate than the present forum. *Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49, 56 (S.D.N.Y. 2001)

3. **CRITERIA FOR TRANSFER**

The inquiry on a motion to transfer is two-fold. First, the district court must determine whether the case could have been brought in the proposed transferee district. *Herbert Ltd. Partnership v. Electronic Arts, Inc.*, 325 F. Supp. 2d 282, 285 (S.D.N.Y. 2004); *In re Nematron Corp. Secs. Litig.*, 30 F. Supp. 2d. 397, 400 (S.D.N.Y. 1998). If the answer to this question is "yes", then the court must determine whether, considering the convenience of the parties and witnesses and the interest of justice, a transfer is appropriate. *Id.*; *see also, Orb Factory, Ltd. v.*

*Design Science Toys, Ltd.*, 6 F. Supp. 2d 203, 208 (S.D.N.Y. 1998). In making this second determination, a district court will generally consider the following factors:

> (1) the convenience of witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances."

*A. Eagle Outfitters, Inc. v. Tala Bros. Corp.*, 457 F. Supp. 2d 474 (S.D.N.Y. 2006).

There is no rigid formula for balancing these factors and no single one of them is determinative in what is essentially an equitable task left to the Court's discretion. *Citigroup, Inc. v. Citi Holding Co.*, 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000) (internal quotation marks and citation omitted). In performing the analysis, however, the district court must "give due deference to the plaintiff's choice of forum which should not be disturbed unless the balance of convenience and justice weigh heavily in favor of defendants' forum" *Id.*

Plaintiff does not dispute that the action could have been brought in Texas. However, it could also have been brought in New York and California. *Arch Specialty Ins. Co. Entertainment Specialty Serv. Inc.*, 2005 U.S. Dist Lexis 4746 (S.D.N.Y. 2005) ("Defendants have not offered any evidence of inconvenience other than that they are located or reside in Texas. This falls far short of citing facts that establish oppressiveness and vexation. Plaintiff's choice of forum should not be disturbed merely because of the inconvenience of travel to Defendants or because this lawsuit could have been brought in Texas.") Plaintiff would never have filed this action in Texas. It would have only filed in New York or California. *Boucard Dec.,* ¶ *20*

### (a) Weight Must Be Given To Plaintiff's Choice Of Forum.

"The burden of demonstrating the desirability of transfer lies with the moving party, and in considering the motion for transfer, a court should not disturb a plaintiff's choice of forum unless the defendants make a clear and convincing showing that the balance of convenience favors defendants' choice." *Orb Factory*, 6 F. Supp. 2d *at* 208 (internal quotations and citations omitted); *In re Nematron*, 30 F. Supp. 2d *at* 400. "A court generally accords significant weight to a plaintiff's forum choice." *Herbert Ltd. P'ship. v. Electronic Arts, Inc.*, 325 F. Supp. 2d 282, 291 (S.D.N.Y. 2005) "Where the factors are equally balanced, the plaintiff is entitled to its choice of forum." *Orb Factory*, 6 F. Supp. 2d *at* 210. Here, Plaintiff could have selected New York, California or Texas. Plaintiff selected New York. *Boucard Dec.*, ¶ 20 As evidence herein, Defendants have failed to show that the balance of convenience favors transfer to Texas.

### (b) The Locus of the Operative Facts

Defendants indicate that this factor is either neutral or favors transfer. In their motion, Defendants contend that New York has little connection to the operative facts of this lawsuit. This is simply not the case.

Plaintiff made a major disclosure of its proprietary ideas and prototypes to several executive and employees in New York. *Boucard Dec.*, ¶ 13. Defendants attempt to downplay this meeting. *Wilson Dec.*, ¶ 8 However, Defendants fail to mention that this meeting was a major presentation of the proposal for U.B. Funkeys with an extensive power point presentation and various demonstrations conducted by Plaintiff. This meeting lasted for over two (2) hours and lead to the decision by Defendants to pursue the U.B. Funkeys product. *Boucard Dec.*, ¶ 13 Defendants also fail to mention that the only other face to face meeting between the parties occurred between Plaintiff and the former president of Radica at Radica's former office in

California. *Boucard Dec.*, ¶ *14*

Furthermore, after Defendants walked away from entering a license agreement with Plaintiff, they retained a New York software development company to complete the job Plaintiff had already begun. *Boucard Dec.*, ¶ *18; Brase Dec.*, ¶ *7* This New York company played a critical role in completing the project and will be very important in determining who contributed what to the final design of U.B. Funkeys. *Boucard Dec.*, ¶ *18*

Finally, it was at New York Toy Fair in February, 2007, that Defendants first disclosed U.B. Funkeys to the public. *Boucard Dec.*, ¶ *16* U.B. Funkeys was nominated for Toy of the Year at New York Toy Fair in February 2008. U.B. Funkeys is actively marketed and sold in New York in nearly all the best mass retail locations that carry toys. *Boucard Dec.*, ¶ *19*

Defendants would like the Court to believe that more operative events occurred in Texas. While Defendants indicate that communications occurred between Texas and California, since only two face to face meetings took place (neither in Texas), the remainder of communications between the parties took place by e-mail and telephone. *Boucard Dec.*, ¶¶ *13-15* However, given the nature of mobile communications these days, it is not clear where the parties may have been when telephone calls or e-mails were made or received. *Boucard Dec.*, ¶ *5; Wilson Dec.*, ¶ *7* Given that both parties travel often, where the parties were located when they made or received a communication is not clear, nor is it terribly relevant. *Boucard Dec.*, ¶ 5

This factor favors retaining the case in New York and is, at worst, neutral. *Schnabel v. Ramsey Quantitative Systems, Inc.*, 322 F. Supp. 2d 505 (S.D.N.Y. 2004) ("The first factor, the place where the underlying facts of the case took place, is a wash - there was activity in New York (Schnabel's creation of his program and negotiation of his employment contract) and in Kentucky (Ramsey's creation of its computer program and Schnabel's work for Ramsey), and

-7-

there is no way to tell from the parties' submissions at this stage of the case whether more of the case-significant activity took place in New York or Kentucky.")

### (c) Convenience of the Witnesses.

> [A]s Plaintiff points out, neither employee will have to travel anywhere until trial, as Plaintiff is willing to depose them at Defendant's offices in Missouri, and the trial itself will likely only take a few days so that Defendant will only have to incur a few nights of travel, meals and lodging expenses. Moreover, as discussed above, Defendant has acknowledged that its officers/employees conduct much of their business outside of the office and by telephone and internet so that their absence from Defendant's offices is not likely to impose a significant burden on Defendant. Thus, overall, this factor at most only slightly favors Defendant, which is not enough to overcome Plaintiff's forum choice. *Foot Locker Retail, Inc. v. SBH, Inc.*, 2005 U.S. Dist. LEXIS 599 (S.D.N.Y. 2005)

Where transfer would merely switch the burden of inconvenience from one party to another, plaintiff's choice of forum should not be disturbed. *See, O'Brien v. Goldstar Tech., Inc.*, 812 F. Supp, 383, 386 (W.D.N.Y. 1993) Defendants argue that transfer to the Northern District of Texas is appropriate because four (4) of its employee witnesses as well as one (1) former employee witness (that may be called as witnesses) are located in Texas and would be "severely inconvenienced if forced to travel to [New York] for depositions or to provide trial testimony." *Defendants' Brief, Pg. 8*. The first four (4) witnesses identified by Defendants are more relevant and likely to be witnesses in this case, and Plaintiff intends to take the deposition of all identified witnesses in their home state. In any event, a majority of these four (4) witnesses attend Toy Fair in New York and met with Plaintiff in New York during the presentation there in October, 2005. *Boucard Dec., ¶ 13*

As indicated by Defendants, the two potential non-party witnesses identified by Defendants, only have relevant information as to one (1) aspect of the case. *Defendant's Brief, Pgs. 6-7* One of

the witnesses is located in Texas, the other in California. Their attendance at trial is not likely required and Defendants have not indicated why they would not or could not be available in New York. In any event, Plaintiff would take the depositions of these witnesses in their respective home states.

New York is the home of the software development company retained by Defendants to complete the job Plaintiff had begun. This company will have very important documents and testimony and is thus the most important non-party witness. *Boucard Dec., ¶ 18*

The only other relevant witnesses would be Defendants' development team in China and Plaintiff, who is located in California.

Transfer to Texas due to convenience of five (5) Texas witnesses is simply not warranted in this case when just as many, if not more, witnesses are located in New York, California, and China.

### (d)   Location of Documents

A defendant's assertion that documents are located in the proposed transferee forum is entitled to little weight, unless the defendant makes a detailed showing as to the burden it would incur absent transfer. *Royal Ins. Co. v. Tower Records, Inc. et al*, 2002 U.S. Dist. LEXIS 20109 *at *6* (S.D.N.Y. 2002)

Defendants have identified the following "potentially relevant" documents located at its facility in Texas: "Radica's contracts with and proposed contracts with IM, documents regarding communications with IM, product development documents, sales and marketing documents, financial documents." *Defendants' Brief, Pgs. 9-10.* As can be determined from this short list, this matter is not document intensive. A majority of the documents are already in Plaintiff's possession since they are communications and documents between Plaintiff and Defendant.

Additionally, most of the documents are stored in electronic format and easily portable. *Boucard Dec.*, ¶ 5 The location of records is "not a compelling consideration when records are easily portable." *Id.* (quoting *Astor Holdings, Inc. v. Roski*, 2002 U.S. Dist. LEXIS 758 at *37 (S.D.N.Y. 2002)).

As for financial, sales and marketing documents, since the product was distributed by Mattel, said documents are likely in Mattel's possession as well, and Mattel has office in New York. *Boucard Dec.*, ¶ 6 Financial, sales and marketing documents are often portable documents anyway. Also, since U.B. Funkeys has only been on the market for less than a year, the documents are not likely to be very voluminous.

Finally, as for documents relating to the design of U.B. Funkeys, Defendants have indicated that U.B. Funkeys was also designed in China and New York. *Brase Dec*, ¶¶ 4-5 To the extent that the documents in China are not portable, shipment to New York would be just as convenient as Texas. The location of the New York design documents are both important, and obviously more convenient in an action brought in New York.

Finally, most of Plaintiff's relevant documents have already been turned over to Defendants in informal discovery. To the extent they have not been produced, a majority of the documents are already in Plaintiff's attorney's possession in New York. *Boucard Dec.*, ¶ 17

Defendants have failed to prove a significant burden would be incurred absent transfer. Therefore, this factor favors Plaintiff.

### (e) Convenience of Parties

"[C]onvenience of the parties, is neutral if it merely shifts the burden of inconvenience to the other party." *Schnabel*, 322 F. Supp. 2d. *at* 516. Defendants have not asserted that litigation in this district would pose any special economic hardship. Indeed, "the conveniences of modern travel

and communication technology have made it more difficult to argue that litigating in a particular forum is inconvenient for the parties and witnesses." *Intel Corp. v. Broadcom Corp.*, 167 F. Supp. 2d 697, 706 (D. Del. 2001) In other words, defendant does not "establish that litigating this case in [New York] will pose a 'unique or unusual burden' on [its] business operations." *Id.* Here, Defendants mere conclusory assertion of convenience to its witnesses is simply insufficient to outweigh Plaintiff's choice of forum.

### (f) The Availability of Process to Compel Attendance of Unwilling Witnesses

Defendants will only need to take the deposition of Plaintiff. "The availability of process to compel attendance of unwilling witnesses, as discussed already, is mostly irrelevant as it appears that all of [Defendant's] witnesses are its officers and employees." *Schnabel*, 322 F. Supp. 2d. *at* 516.

The only critical, potentially unwilling witness for Plaintiff is located in New York, *i.e.*, the New York software development company retained by Defendants to complete the job Plaintiff had begun. Documents and testimony obtained from this New York company will be very important. *Boucard Dec.*, ¶ *18* Compelling their attendance in Texas would be difficult. "Defendant offers absolutely no evidence that any potential witnesses in this case might refuse to testify or otherwise appear in this case. Thus, Defendant has also failed to meet its substantial burden with respect to this factor." *Foot Locker Retai v. SBH, Inc.* 2005 U.S. Dist. LEXIS 599, *29 (S.D.N.Y. 2005)

### (g) The Relative Means of the Parties

Defendants indicate that this factor is neutral. Defendants are subsidiary companies of Mattel, the biggest toy company in the world. Defendants are represented in this action by two

large national law firms, both with offices in New York. Plaintiff is a one man corporation with its attorney in New York. This factor favors Plaintiff.

### (h)  A Forum's Familiarity with the Governing Law

Defendants indicate that this factor is neutral. Plaintiff agrees. A "forum's familiarity with the governing law . . . is one of the least important factors in determining a motion to transfer, especially where no complex questions of foreign law are involved." *Posven C.A.*, 303 F. Supp. 2d at 405; *see also Lesser v. Camp Wildwood*, 2002 U.S. Dist. LEXIS 14025 (S.D.N.Y. 2002). Defendants have not indicated that any complex or novel issues of New York law are implicated here, nor does it appear likely to this court that plaintiff's causes of action for breach of contract, misappropriation and unfair competition -- generally well-developed areas of jurisprudence -- will raise any such issues. "[This] factor alone would not outweigh the convenience of the witnesses, or the plaintiff's choice of forum, which is typically "given considerable weight" by courts. *Posven C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 405 (S.D.N.Y. 2004); *see also, Cuccioli v. Jekyll & Hyde*, 150 F. Supp. 2d 566, 576 n. 52. S.D.N.Y. 2001) ("deference due the choice of forum by the plaintiff").

### (i)  Trial Efficiency and the Interests of Justice, Based on the Totality of the Circumstances

Defendants must demonstrate that a transfer would not just serve their interests, but clearly favor the overall interests of justice and efficiency. Defendants have failed to do so.

There is no pending action in the Northern District of Texas in which this case may be consolidated to avoid multiple cases on the same issue or which is otherwise similar enough to justify being heard by the same judge. *See, Williams v. City of New York*, 2006 U.S. Dist LEXIS 6470 at *3 (S.D.N.Y. 2006) ("[E]xistence of a related action in the transferee district is a strong

factor to be weighed with regard to judicial economy.").

There is also no significant difference between the docket conditions of the Southern District of New York and the Northern District of Texas that might lead to a more expeditious resolution of the dispute in one venue or another and justify a transfer on efficiency grounds. *See, Rabbi Jacob Joseph School v. Province of Mendoza*, 342 F. Supp. 2d 124, 131 (E.D.N.Y. 2004) (no difference in "calendar congestion" between Southern District and Eastern District).

Although Defendants indicate otherwise, New York does have an interest in the outcome of this case. New York City is the epicenter for buyers of all major retailers and executives to meet and make decisions on product plans, inventory, purchases, line reviews, complete production packaging, planograms, and large buy decisions. *Boucard Dec., ¶ 10*

Finally, although this case is still in its early stages, a transfer would, if anything, delay resolution of this dispute, since a new court would need to familiarized itself with the facts of the case. Accordingly, this factor favors Plaintiff, or, at worst, is neutral.

## II.   CONCLUSION

For all the foregoing reasons, plaintiff respectfully submits that Defendants' Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) must be DENIED, with Prejudice.

Respectfully submitted,

**EPSTEIN DRANGEL BAZERMAN & JAMES, LLP**

Dated: New York, New York          By: _____
Jason M. Drangel
Robert L. Epstein
William C. Wright
Lincoln Building
60 East 42nd Street, Suite 820
New York, New York 10165
Tel.:   (212) 292-5390
Fax:   (212) 292-5391

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER was served by First Class Mail, with sufficient postage prepaid, on this 29 day of February, 2008, upon Defendant's counsel at:

Mr. John R. Hutchins
Kenyon & Kenyon LLP
1500 K Street, NW
Washington, DC 20005-1257

New York, New York          By: _____
Mireya Claudio-Abad

-14-