UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INFINITE MACHINES, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>RADICA ENTERPRISES LTD. d/b/a<br>RADICA USA LTD. and RADICA<br>GAMES LIMITED,<br><br>    Defendants. | Civil Action No. 07-8625-AKH<br><br>**DOCUMENT FILED<br>ELECTRONICALLY** |

---

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO TRANSFER VENUE**

---

|  |  |
|---|---|
|  | Charles A. Weiss<br>John R. Hutchins<br>KENYON & KENYON LLP<br>One Broadway<br>New York, NY 10004 |
| Of Counsel: | (212) 425-7200 |
| Hilda C. Galvan<br>Mark C. Howland<br>JONES DAY<br>2727 North Harwood Street<br>Dallas, TX  75201-1515<br>(214) 220-3939 | Attorneys for Defendants |

**TABLE OF CONTENTS**

**Page**

| | | |
|---|---|---|
| I. | Texas is More Convenient for the Witnesses | 1 |
| II. | Texas is More Convenient for the Parties | 3 |
| III. | The Locus of Operative Facts Was Primarily In Texas | 4 |
| IV. | IM's Choice of Forum is Entitled to Little Weight | 5 |
| V. | On Balance the Remaining Factors Favor Transfer | 6 |
| VI. | Conclusion | 7 |

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Arch Specialty Ins. Co. v. Entertainment Specialty Serv. Inc.*, No. 04 Civ. 1852 (RCC), 2005 WL 696897 (S.D.N.Y.) ..................................................................................................6

*In re Collins & Aikman Corp. Securities Litigation*, 438 F. Supp. 2d 392 (S.D.N.Y. 2006) ..........3

*Foot Locker Retail, Inc. v. SBH, Inc.*, No. 03 Civ. 5050 DAB, 2005 WL 91306 (S.D.N.Y. Jan. 18, 2005) ........................................................................................................................2

*Herbert Ltd. Partnership v. Electronic Arts Inc.*, 325 F. Supp. 2d 282 (S.D.N.Y. 2004) ...........3, 5

*Houlihan Lokey Howard & Zukin Capital, Inc. v. Protective Group, Inc.*, No. 05-cv-4741-DC, 2005 U.S. Dist. LEXIS 32841 (S.D.N.Y. Dec. 12, 2005) ..................................3

*Intel Corp. v. Broadcom Corp.*, 167 F. Supp. 2d 692 (D. Del. 2001) ..............................................4

*In re Nematron Corp. Securities Litigation,* 30 F. Supp. 2d 397 (S.D.N.Y. 1998) ........................5

*O'Brien v. Goldstar Tech., Inc.*, 812 F. Supp. 383 (W.D.N.Y. 1993) .............................................2

*Orb Factory, Ltd. v. Design Science Toys, Ltd.*, 6 F. Supp. 2d 203 (S.D.N.Y. 1998) .....................6

## FEDERAL STATUTE

28 U.S.C. § 1404(a) .............................................................................................1, 3, 5, 6, 7

## EXHIBIT

Declaration of Jessica Rovello ................................................................................................Tab C

In its Opposition Brief,[1] Plaintiff Infinite Machines, LLC ("IM") relies heavily on a number of assertions that are largely irrelevant to this Court's analysis under 28 U.S.C. § 1404(a). For example, IM argues that locations other than New York or Texas "play a role in this matter," that individuals may be located in such locations, and that Radica has certain limited contacts with New York relating to its general participation in the toy business. None of these assertions place potential witnesses or documents in New York. IM also argues that Radica is a subsidiary of Mattel, but Mattel is not a party to this case and did not develop U.B. Funkeys. Finally, IM argues that a software developer based in New York that had no role in developing the physical architecture of U.B. Funkeys may have relevant information. These assertions are of questionable relevance and in any event, such information cannot outweigh the specific identification of multiple Texas-based witnesses and the relevant knowledge that they possess.

In short, none of IM's arguments serve to establish New York as a more convenient forum than Texas. Nor can IM's choice of a forum in which no party resides supplant the relevant factors strongly favoring a transfer of this case. Accordingly, Radica respectfully requests that the Court transfer this case to Texas for the convenience of the witnesses and parties.

## I. TEXAS IS MORE CONVENIENT FOR THE WITNESSES

The convenience of the witnesses in this case strongly favors transferring the case to Texas. Radica has identified five witnesses—four Radica employees and one third party—that reside in Texas.[2] Each of these witnesses played a significant role in the events that are alleged to underlie IM's claims in this case. In its opening brief, Radica identified those roles as well as

---

[1] Brief of Plaintiff, Infinite Machines, LLP, in Opposition to Defendants' Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) ("Opposition Brief").

[2] Defendants' Brief in Support of Motion to Transfer Venue ("Radica Brief") at 6-7.

the specific relevant subject matter as to which each witness has personal knowledge.  Radica Br. at 6-7.  Two of these witnesses are vice presidents of Radica who are essential to Radica's day-to-day operations, and one is an ex-employee of Radica that attempted to negotiate an agreement with Mr. Boucard, the principal of IM.  *Id.*

IM's Opposition Brief fails to refute that Texas is more convenient to the witnesses in this case than New York.  First, IM cites two cases for the proposition that its choice of forum should outweigh the convenience of the witnesses in this case.  Opposition Br. at 8.  But in both cases—unlike here—the plaintiff's choice of forum was its state of residence.  *Foot Locker Retail, Inc. v. SBH, Inc.*, No. 03 Civ. 5050 DAB, 2005 WL 91306 at *9 (S.D.N.Y. Jan. 18, 2005) ("[P]laintiff's choice is generally accorded more deference . . . where the plaintiff is a resident of the forum district.  [Here] [p]laintiff is a New York corporation with a place of business in this judicial district."); *O'Brien v. Goldstar Tech., Inc.*, 812 F. Supp. 383, 384-86 (W.D.N.Y. 1993) ("Plaintiff is a Tonawanda, New York resident, doing business in New York . . . ."; "[T]he plaintiff's choice is generally accorded more deference where the plaintiff is a resident of the forum district.").  In such cases, a transfer from the plaintiff's residence to the defendant's residence "would merely shift the inconvenience from one party to the other."  *O'Brien*, 812 F. Supp. at 386.  Because IM does not reside in New York, these cases are inapposite.

IM's argument that a single software developer in New York (Arkadium Games) should counterbalance the presence of at least five witnesses in Texas having relevant, non-cumulative information is similarly unavailing.  In its Complaint, IM alleges that Radica misappropriated IM's alleged "Footnotes . . . technology platform that uses unique identifiers to associate digital information with physical objects" as well as "a novel USB base unit (master) that would receive the Bitty Bite [sic] figurine (slave) . . . ."  Complaint at ¶¶ 15, 19.  And while Radica disagrees

with these allegations, they show that IM's accusations revolve around the development of U.B. Funkeys' physical architecture. This architecture was developed entirely by Radica without the assistance of its software developer. Brase Decl. at ¶¶ 6-7 (Ex. A to Radica Br.). Arkadium Games was hired merely to develop artwork and software for the architecture that was specified entirely by Radica, and thus, the relevance of Arkadium Games' testimony is questionable at best. *Id.* IM's bald assertion that "[t]his company will have very important documents and testimony"—without more—fails to establish that the materiality, nature, and quality of Arkadium Games as a witness is comparable to the witnesses in Texas. *See Houlihan Lokey Howard & Zukin Capital, Inc. v. Protective Group, Inc.*, No. 05-cv-4741-DC, 2005 U.S. Dist. LEXIS 32841, at*10 (S.D.N.Y. Dec. 12, 2005).

Finally, although IM correctly points out that a number of material witnesses may reside in California as well as China, "[t]he convenience of witnesses who reside in neither the current nor the transferee forum is irrelevant when considering a motion to transfer." *Herbert Ltd. P'ship v. Elect. Arts Inc.*, 325 F. Supp. 2d 282, 288 (S.D.N.Y. 2004). In sum, more witnesses with more material testimony reside in Texas than in New York. As such, this factor favors a transfer to Texas. *Id.* ("On the whole, the Court concludes that more witnesses with more material testimony reside in California than in New York.").

## II.    TEXAS IS MORE CONVENIENT FOR THE PARTIES

It is incontrovertible that neither the plaintiff nor the defendants reside in New York, whereas the defendant that developed U.B. Funkeys has its principal place of business in Texas. Indeed, IM's only ongoing tie to New York—the location of its counsel—is not a proper consideration under § 1404(a). *In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 396 (S.D.N.Y. 2006) ("Contrary to plaintiff's suggestion, convenience of the parties' counsel is not an appropriate consideration in the transfer analysis."). Almost all of Radica's employees, its

witnesses, and most if not all of its relevant documents are located in the Northern District of Texas.  And once again, IM cites a case for the proposition that this demonstrable convenience to Radica should be outweighed by IM's choice of forum, but neglects to mention that the plaintiff in that case filed suit in its state of incorporation.  *See Intel Corp. v. Broadcom Corp.*, 167 F. Supp. 2d 692, 706 (D. Del. 2001) ("This court has recognized that it is rational for Intel to choose to litigate in Delaware because it is incorporated here . . . .  The parties have been litigating in Delaware for the past year and a trial date is set for the end of November.  Ordering a transfer of the case at this point would merely delay the resolution of this dispute.").

Because Texas is more convenient for the parties than New York, in which no party resides, this factor weighs heavily in favor of transfer.

### III.    THE LOCUS OF OPERATIVE FACTS WAS PRIMARILY IN TEXAS

Radica conceived of U.B. Funkeys in Texas, developed U.B. Funkeys in Texas (with assistance from its China design team), communicated with Boucard primarily from Texas, received communications from Boucard primarily within Texas, and markets U.B. Funkeys from Texas.  Brase Decl. at ¶¶ 4-6 (Ex. A to Radica Br.); Wilson Decl. at ¶¶ 4-7 (Ex. B to Radica Br.).  As such, the locus of operative facts for IM's breach of contract, misappropriation, and unfair competition claims was primarily in Texas.  *See* Radica Br. at 10-11.

IM's attempt to shift this locus to New York fails.  To the extent that a single meeting of less than two hours occurred between the parties in New York, the information exchanged was also exchanged within California and between Texas and California.  *See* Radica Br. at 3-4; Wilson Decl. at ¶¶ 7-8.  Thus, New York is not the primary locus of the disclosures in this case.  Moreover, Radica's New York based software developer had no hand in developing the U.B. Funkeys architecture that is alleged to contain IM's "Footnotes" technology.  Brase Decl. at ¶¶ 6-7 (Ex. A to Radica Br.).  And finally, while Radica has disclosed U.B. Funkeys within New York,

- 4 -

it has also disclosed and sold U.B. Funkeys throughout the United States and abroad. Thus, while there is no specific "locus" at which this worldwide disclosure was received, it originated from Radica's U.S. Headquarters in Texas.

Because the majority of the acts and events allegedly giving rise to IM's claims occurred in Texas, this factor favors a transfer under § 1404(a).

## IV.     IM'S CHOICE OF FORUM IS ENTITLED TO LITTLE WEIGHT

The law cited by IM—like that cited by Radica—demonstrates that IM's choice of forum is entitled to little weight. IM quotes *Herbert Limited Partnership v. Electronic Arts, Inc.* for the proposition that "[a] court generally accords significant weight to a plaintiff's forum choice" but neglects to quote the following sentence: "However, the plaintiff's choice of forum receives less deference when that forum is not the plaintiff's home district and there is no material connection between either the plaintiff or the underlying transactions and the chosen forum." 325 F. Supp. 2d 282, 291 (S.D.N.Y. 2004). In reaching its decision to transfer the case to California, the court explained that "[g]iven that New York is not [plaintiff's] home district, and that apart from some sales of the allegedly infringing products none of the operative facts in this case occurred in New York, [plaintiff's] choice of forum will receive relatively little weight." *Id.* Similarly, IM cites *In re Nematron Corp. Securities Litigation* for the same proposition. 30 F. Supp. 2d 397, 405 (S.D.N.Y. 1998). In *Nematron*, the court transferred the case to Michigan despite the fact that the plaintiff (a class representative) resided in New York and chose to file suit there. *Id.* at 405 ("[B]ecause the facts giving rise to the case have little material connection to New York, many of the witnesses reside in Michigan, Defendants are located in Michigan, and virtually all the documents underlying the dispute are located in Michigan, the deference afforded [plaintiff's] choice of New York is minimized."). And while the factors in *Nematron* are strikingly similar to

those in the present case, here IM's choice of forum is entitled to even less weight given that no party resides in New York.

Indeed, in the only case cited by IM for this factor in which the court declined to transfer the case,[3] the defendant's postal address was in the Southern District of New York—the plaintiff's choice of forum—and the defendant sought a transfer to the Northern District of New York where it was headquartered. *Orb Factory, Ltd. v. Design Sci. Toys, Ltd.*, 6 F. Supp. 2d 203, 209 (S.D.N.Y. 1998) (Declining to transfer the case from the Southern to the Northern District where the defendant's mailing address was in the Southern District, a substantial amount of wrongful activity occurred in the Southern District, the case was litigated for over a year before defendant first raised its venue objection, and "[t]his extra hour's drive does not warrant transfer of this case.")  Such is not the case here.  As no party is located in or even near this district, IM's choice of forum is entitled to little weight in the Court's § 1404(a) analysis.

### V.    ON BALANCE THE REMAINING FACTORS FAVOR TRANSFER

The balance of the remaining factors favors a transfer.  As the vast majority of the documents and other sources of proof in this case are likely to come from Radica, which designed, developed, marketed, and sold U.B. Funkeys, the location of relevant documents and sources of proof is primarily at its headquarters in Texas.  This factor strongly favors a transfer. In addition, while IM has identified a single entity in New York for which it argues that the subpoena power of the Court is necessary, Arkadium Games has agreed to make a witness available at trial in the Northern District of Texas in the event that the case is transferred.

---

[3] Earlier in its brief, IM cites *Arch Specialty Ins. Co. v. Entertainment Specialty Serv. Inc.*, No. 04 Civ. 1852 (RCC), 2005 WL 696897 (S.D.N.Y.), for the proposition that its choice of forum should not be disturbed.  Again, in *Arch Specialty*—unlike here—the plaintiff chose to bring suit where its principal place of business was located. *Id.* at *1.

Rovello Decl. at ¶ 7 (Ex. C hereto).  As the only other identified non-party witness resides in Texas, this factor favors a transfer.  *See* Radica Br. at 12.  And although IM argues that the relative means of the parties favors the plaintiff, it submits no evidence of financial hardship should IM be forced to litigate one time zone closer to home than the Southern District of New York.  As such, this factor is neutral.  The remaining factors, as described in Radica's Brief, are either neutral or slightly favor a transfer.  In sum, the remaining factors thus favor a transfer.

## VI.    CONCLUSION

Because the balance of factors considered pursuant to § 1404(a) favors transferring this case to the Northern District of Texas, Radica respectfully requests a transfer of this case.

        Respectfully submitted,

        KENYON & KENYON LLP

        Attorneys for Defendants

        By:    s/ Charles A. Weiss
            CHARLES A. WEISS
            JOHN R. HUTCHINS

DATED:  March 7, 2008
       New York, New York

Of counsel:

Hilda C. Galvan
Mark C. Howland
JONES DAY
2727 North Harwood Street
Dallas, TX  75201-1515
(214) 220-3939