UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
INFINITE MACHINES, LLC,                           :
                                                  :      **ORDER GRANTING MOTION TO**
                              Plaintiff,          :      **TRANSFER VENUE**
       -against-                                  :
                                                  :      07 Civ. 8625 (AKH)
RADICA ENTERPRISES, LTD.,                         :
                                                  :
                              Defendant.          :
                                                  :
                                                  :
---------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

   Defendant Radica Enterprises Ltd. ("Radica") moves to transfer venue to the Northern District of Texas, pursuant to 28 U.S.C. § 1404(a). Plaintiff Infinite Machines, LLC ("Infinite Machines") opposes this motion. For the reasons stated below, the motion to transfer venue is granted.

  **I.**  **Background**

   Plaintiff Infinite Machines is a California-based toy company that creates, developes, and licenses electronic games. Cplt. ¶ 7. In September 2005, defendants contacted John Boucard, president of Infinite Machines, to ask if plaintiff might be interested in working on a toy concept that Radica was developing. Plaintiff agreed and the parties signed a non-disclosure agreement before plaintiff began working on the project. Radica then revealed to plaintiff its proposal for a toy known as "Bitty Bites." Plaintiff alleges that the underlying concept behind Bitty Bites was not novel, and that plaintiff had developed a unique product called Footnotes that could be applied to Bitty Bites to improve its marketability. In October 2005, plaintiff met with executives at Radica at the Toy Fair in New York and presented details of its proposal. Radica invited plaintiff to give a second presentation at Radica's office in Texas

1

before the company's president later that year. The parties discussed potential option and licensing agreements, but no final agreement was ever reached and talks were discontinued in late 2005/early 2006.

In early 2007, plaintiff first noticed a new Radica product at a toy fair, allegedly based on the Bitty Bites/Footnotes model developed by plaintiff, and contacted defendants to express concern over trademark infringement. No resolution was reached. In August 2007, defendants released this product, called "UB Funkeys." In October 2007, plaintiff filed suit against defendants for breach of contract, misappropriation of property, and unfair competition.

## II.     Standard for Motion to Transfer to Venue

Section 1404(a) provides that for the "convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). The moving party bears the burden of providing "a strong case for the transfer." Ford Motor Co. v. Ryan, 182 F.2d 329, 330 (2d Cir. 1950). The moving party must show both that the action could have been brought in the proposed forum, and that the transfer would promote convenience and the interests of justice. See, e.g., Capital Currency Exch., N.V. v. Nat'l Westminster Bank PLC, 155 F.3d 603, 609 (2d Cir. 1998). It is undisputed that this action could have been brought in the Northern District of Texas. (Pl. Opp'n. at 5). Therefore, this decision weighs on an analysis of whether the transfer would promote convenience and justice. Courts rely on a nine-factor test in making this determination:

> (1) the convenience of witnesses; (2) the convenience of the
> parties; (3) the locus of operative facts; (4) the location of relevant
> documents and relative ease of access to sources of proof; (5) the
> availability of process to compel the attendance of unwilling
> witnesses; (6) the forum's familiarity with the governing law; (7)
> the relative financial means of the parties; (8) the weight afforded

plaintiff's choice of forum; and (9) trial efficiency and the interests of justice.

> In re Stillwater Mining Co. Sec. Litig., No. 02 Civ. 2806, 2003 WL 21087953, at *3 (S.D.N.Y. May 12, 2003).

However, courts have also recognized that there is no rigid formula in balancing these factors, and that no single factor is determinative. See, e.g., Citigroup Inc. v. City Holding Co., 97 F.Supp.2d 549, 561 (S.D.N.Y. 2001). In this case, defendants have sustained their burden in demonstrating that the factors weigh heavily enough in their favor and that the motion to transfer should be granted.

### III. Analysis of the Nine Factors

#### 1. Convenience of the Witnesses

The convenience of the witnesses is generally considered to be "the most important factor" in deciding a § 1404(a) motion to transfer. Herbert Ltd. P'ship v. Elec. Arts, Inc., 325 F.Supp.2d 282, 286 (S.D.N.Y. 2004). In weighing this factor, the court should consider the materiality, nature and quality of each witness, in addition to the number of witnesses in each district. See, e.g., Royal & Sunalliance v. British Airways, 167 F.Supp.2d 573, 577 (S.D.N.Y. 2001). The party seeking to transfer venue, based, in part, on this factor, must name the witnesses who will appear and describe their testimony for the court to weigh against the other factors. Beatie & Osborn LLP v. Patriot Sci. Corp., 431 F.Supp.2d 367, 396 (S.D.N.Y. 2006)

Defendants have met their burden on this factor. Radica has identified no fewer than five witnesses with key knowledge on the relevant issues in this case, four of whom reside in the Northern District of Texas and the fifth in California. Plaintiff has identified one non-party witness located in New York, Arkadium Games. While it is true that the convenience of a non-party witness is given greater weight than a party witness, the presence of one New York

witness cannot outweigh at least five non-New York witnesses, nearly all of whom are located in the Northern District of Texas. This factor therefore favors transfer to Texas.

### 2.     The Convenience of the Parties

While the convenience of the parties is considered neutral if it "merely shifts the burden of inconvenience to the other party," that is not the case here. Schnabel v. Ramsey Quantitative Sys., Inc., 322 F.Supp.2d 505, 516 (S.D.N.Y. 2004). Since neither party is located in New York, the Southern District of New York is an inconvenient forum for both parties. As plaintiff concedes, it could have filed in California, which would appear to the most convenient forum, but it chose to file in the Southern District of New York instead. Transferring the case to Texas, would, as defendants note, be significantly more convenient for defendants and likely more convenient for the California-based plaintiff as well. See ZPC 2000, Inc. v. SCA Group, Inc., 86 F.Supp.2d 274, 279 (S.D.N.Y. 2000) (holding that "[s]ince none of the parties reside in New York, it is only logical that a transfer to the residence of one of them would be more convenient."). This factor also weighs in favor of transfer.

### 3.     The Locus of Operative Facts

The locus of operative facts in an "important factor to be considered in deciding where a case should be tried." 800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F.Supp. 128, 134 (S.D.N.Y. 1992). Plaintiff can point to only one meeting between the parties, in October 2005, that took place in New York. Besides that meeting, all acts that gave rise to plaintiff's three claims took place between the parties in Texas and California. It is very likely, for example, that any breach on Radica's part would have originated from its offices in Addison, Texas, not the Southern District of New York. The Court finds that this factor favors transfer of the action.

      4.      <u>Location of Relevant Documents and the Relative Ease of Access to Sources of Proof</u>

Plaintiff concedes that this matter is not "document intensive," and that the majority of documents plaintiff needs are already in his possession since they take the form of email communications between the parties. (Pl. Opp'n Br. at 9). However, since defendants' offices are located in Texas, any further documentation plaintiff may need would most likely be in Texas, not New York. Since "modern technologies such as photocopying and faxing" permit documents to be transported with "presumably minimal difficulty," this factor only slightly weighs in favor of transfer. <u>Herbert Ltd. P'ship</u>, 325 F.Supp.2d at 289.

      5.      <u>The Availability of Process to Compel Any Unwilling Witnesses</u>

Both current and former Radica employees who may be called to testify are located in Texas and California, not New York, and with respect to two former employees who reside in Texas, a court in the Northern District of Texas would be able to compel their attendance, while a court in the Southern District of New York could not. The only known non-party witness, Arkadium Games, is based in New York, but defendants have submitted a sworn affidavit from Arkadium's chairman stating that she would voluntarily appear to testify if subpoenaed by a court in the Northern District of Texas. (Def't's Rep. Br., Ex. C). This factor is therefore neutral.

      6.      <u>Forum's Familiarity with the Governing Law</u>

Both parties agree that this factor is neutral. Plaintiff's claims do not indicate that there are any novel or complex legal issues to be decided, and a court in the Northern District of Texas could just as easily apply state law underlying plaintiff's claims as could a court in the Southern District of New York.

       7.       Relative Financial Means of the Parties

Defendants are a subsidiary company of Mattel, Inc., one of the largest toy companies in the world. Plaintiff is, by his own statement, a "one-man operation." As an independent business owner, plaintiff is more likely to suffer adverse business consequences as a result of frequent travel to Texas. But the same factor of inconvenience would apply to travel to New York. This factor is neutral.

       8.       The Weight Afforded Plaintiff's Choice of Forum

A plaintiff's choice of forum is usually entitled to "substantial consideration." In re Warrick, 70 F.3d 736, 741 (2d Cir. 1995). However, when a "plaintiff brings suit . . . in a forum that has no material connection with the action, this factor should be given little weight." Wechsler v. Macke Int'l Trade, Inc., No. 99 Civ. 5725, 1999 WL 1261251, at * 9 (S.D.N.Y. Dec. 27, 1999) (internal citations omitted). This is especially true "when a plaintiff brings suit outside his home forum." Id.; see also Coker v. Bank of America, 984 F.Supp. 757, 766 (S.D.N.Y. 1997) (holding that plaintiff's choice of forum in New York is entitled to lesser weight because plaintiff chose a forum that was not his residence). Since plaintiff is based in California, I find his choice of a New York forum is entitled to less deference and that this factor is therefore neutral.

       9.       Trial Efficiency and the Interests of Justice

Since there is no indication that plaintiff has engaged in forum-shopping, or that transfer might lead to a more efficient resolution of the dispute, I find that this factor is also neutral.

### IV.  Conclusion

In sum, my analysis of the varying factors, and, in particular, the consideration of the convenience of the witnesses, favor transfer of the case. Defendants' motion to transfer venue to the Northern District of Texas is granted. The Clerk is directed to close this case.

SO ORDERED.

Dated:   May 6, 2008
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge